[No. G011885. Fourth Dist., Div. Three. Jan. 27, 1992.]

WILLIAM A. KENT, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
KRAMER MOTORS, INC., Real Party in Interest.

**COUNSEL**

William A. Kent, in pro. per., for Petitioner.

No appearance for Respondent.

Hagenbaugh & Murphy and Rodney W. Bell for Real Party in Interest.

**OPINION**

**SONENSHINE, J.**—May the superior court on its own motion transfer litigation to the municipal court without notice and without an opportunity to be heard? No.

I

William A. Kent filed the underlying action against Kramer Motors, Inc. on March 16, 1989. On the day of the trial, November 4, 1991, the court asked to see counsel in chambers to discuss settlement. This proved to be futile. The parties were ready to proceed. Indeed, they had marked their exhibits, prepared *in limine* motions, trial briefs, requests for jury instructions, and had established the order of witnesses and proof. The court was evidently unimpressed. Without notice or an opportunity to be heard, and on his own motion, the judge transferred the case to municipal court.

Kent petitioned for a peremptory writ of mandate. We invited responses from the court and the real party in interest. We received preliminary opposition from Kramer but none from the court. ■ Issuance of an alternative writ would not assist our resolution of this matter and would cause unnecessary delay. A peremptory writ in the first instance is appropriate. (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].)

## II

In *Walker* v. *Superior Court* (1991) 53 Cal.3d 257 [279 Cal.Rptr. 576, 807 P.2d 418], our Supreme Court "interpret[ed] . . . Code of Civil Procedure section 396, which governs the transfer of cases from the superior court to the municipal court when an action fails to meet the superior court's jurisdictional requirement of an amount in controversy exceeding $25,000." (*Id.* at p. 261.)[1] It concluded a matter may be transferred when "(i) the absence of jurisdiction is apparent before trial from the complaint, petition, or related documents, *or* (ii) during the course of pretrial litigation, it becomes clear that the matter will 'necessarily' result in a verdict below the superior court jurisdictional amount, *and the court affords the parties an opportunity to contest transfer.*" (*Id.* at p. 262, second italics added.)

The *Walker* court was very specific in delineating the necessary procedure. It determined "after such a jurisdictional issue is raised, the parties should be allowed sufficient opportunity to respond and offer reasons why transfer should or should not be ordered." (53 Cal.3d at p. 272.)

As recently recognized in *Andre* v. *Superior Court, ante,* page 11 [2 Cal.Rptr.2d 815], the *Walker* court "commented strongly that the absence of a record of the proceedings on transfer hampered review of the trial court's decision, and encouraged the practice of preparing a full record." (*ante,* at p. 18.) It also "noted . . . the desirability of a noticed motion . . . ." (*Ibid.*)

■ The message could not be clearer. A trial court may not, sua sponte, without notice and without a hearing and without a record, transfer a case to municipal court. And that is exactly what happened here. The parties appeared, ready to proceed to trial, in superior court. But, lo and behold, they were shuffled out the door with a transfer order to municipal court. There was no notice of a hearing. Indeed, there was no hearing!

---

[1] Code of Civil Procedure section 396 provides in pertinent part: "If an action or proceeding is commenced in a court which lacks jurisdiction of the subject matter thereof, as determined by the complaint or petition, if there is a court of this state which has such jurisdiction, the action or proceeding shall not be dismissed (except as provided in Section 399, and subdivision 1 of Section 581) but shall, on the application of either party, or on the court's own motion, be transferred to a court having jurisdiction of the subject matter which may be agreed upon by the parties, or, if they do not agree, to a court having such jurisdiction which is designated by law as a proper court for the trial or determination thereof, and it shall thereupon be entered and prosecuted in the court to which it is transferred as if it had been commenced therein, all prior proceedings being saved."

### III

■ Petitioner also requests that the case be transferred to another judge, as this trial judge "has already made up his mind that the case is not worth more than $25,000." We deny the requested relief.

Code of Civil Procedure section 170.1, subdivision (c) allows us to "direct that further proceedings be heard before a trial judge other than the judge whose judgment or order was reviewed by the appellate court." However, as explained in *People* v. *Gulbrandsen* (1989) 209 Cal.App.3d 1547 [258 Cal.Rptr. 75], this power must "be used sparingly and only where the interests of justice require it." (*Id.* at p. 1562.) No such showing has been made here.[2]

Let a peremptory writ of mandate issue directing respondent court to vacate its order of transfer.

Sills, P. J., and Wallin, J., concurred.

---

[2]We express no opinion as to the applicability of Code of Civil Procedure section 170.6.