[No. G015352. Fourth Dist., Div. Three. June 28, 1994.]

LOUIS E. CARABINI et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
DELORIS DICKENSON KING et al., Real Parties in Interest.

**COUNSEL**

Farella, Braun & Martel, Neil A. Goteiner, Maria E. Rodriguez, Raring & Lipoff, Eric G. Lipoff and L. Louis Raring for Petitioners.

No appearance for Respondent.

Greenbaum & Ferentz, Jeff Dennis Ferentz and Keith J. Hollis for Real Parties in Interest.

## OPINION

**RYLAARSDAM, J.\*—** ■ In this case we hold an order certifying a class action should only be made upon proper notice and subject to the right of an opposing party to submit evidence in opposition. This is true whether the issue arises on the motion of a party or on the court's own motion.

This purported class action arises out of the sale of precious metal investment contracts by Carabini and the joining petitioners to the proposed class members. On May 5, 1993, the trial court ordered discovery limited to class certification. On June 8, petitioners filed a statement under Code of Civil Procedure section 170.1, subdivision (a)(6) to disqualify the trial judge. On June 16, plaintiffs filed a motion for certification of the class; the motion was noticed for hearing on July 14. The parties subsequently agreed to take the certification motion and a demurrer also noticed for July 14, off calendar, pending a resolution of the disqualification motion.

On September 23, petitioners' disqualification request was finally rejected. The parties appeared for a scheduled "evaluation conference" on November 16. At that time, the court inquired as to the status of the class certification motion and was advised the parties had taken it off calendar. The court stated this was the proper time to determine whether the matter would proceed as a class action. Plaintiffs' counsel indicated they wished to have their motion rescheduled. However, the court, indicating displeasure with the delays which had occurred, stated a class action would be ordered if plaintiffs wanted a class action. When plaintiffs' counsel thereupon indicated a desire to proceed with a class action, the court granted the motion.[1] On November 19, the trial court signed a formal order certifying a class and two subclasses, ordering all class members be notified of the pendency of the action by mail, and ordering petitioner Monex Deposit Company, at its expense, to print and mail the notice to each member of the class and subclasses. On January 6, 1994, we issued an order staying the order of the trial court. On February 3, we ordered the issuance of an alternative writ of mandate.

I

The November 16 evaluation conference was presumably scheduled pursuant to Orange County Superior Court Rules, rule 444 which provides such

---

\*Judge of the Orange Superior Court sitting under assignment by the Chairperson of the Judicial Council.

[1]The record is unclear whether the court granted real parties' motion, which was previously taken off calendar, or whether the court certified the class on its own motion.

a conference will be conducted for cases subject to case management rules approximately six months after the case is filed. Rule 444 specifies the purposes of such a conference as follows: "1. Evaluation of nature and complexity of case for purposes of placing case on an individual management track; [¶] 2. Discussion of law and motion and discovery matters; [¶] 3. Determination of appropriate time standards other than those contained in the rules; [¶] 4. Classification of collection or promissory note cases, which shall be subject to rule 451; [¶] 5. Referral to a special master or an alternative dispute resolution program, including but not limited to arbitration; [¶] 6. Setting of a mandatory settlement conference date, if deemed necessary."

The "[d]iscussion of law and motion and discovery matters" specified in the rule does not contemplate that motions not noticed for hearing at the time of the conference will be heard or decided then. We interpret this portion of the rule as merely providing an opportunity for court and counsel to schedule future motions. Plaintiffs' motion for certification of the class, which had previously been taken off calendar, was never thereafter noticed for a new hearing. Petitioners did not receive notice the motion would be heard at the evaluation conference, had not filed opposition to it, and discovery relating to the class action issues had not been completed by either party.

Whether an action shall proceed as a class action is customarily decided after a noticed hearing. "As soon as practical after commencement of a lawsuit that purports to be a class action, a hearing must be held on whether it will be allowed to proceed as such. The hearing may be held either on the motion of the representative to *certify* the case as a class action; or, on motion by the party opposing the class to *dismiss* the class action allegations; or, by the court on its *own motion* . . . ." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 1993) ¶ 14:98 p. 14-20.3; see also *City of San Jose* v. *Superior Court* (1974) 12 Cal.3d 447, 453 [115 Cal.Rptr. 797, 525 P.2d 701, 76 A.L.R.3d 1223].)

Although this action was not brought under the Consumers Legal Remedies Act (Civ. Code, § 1750 et seq.), *Vasquez* v. *Superior Court* (1971) 4 Cal.3d 800, 820 [94 Cal.Rptr. 796, 484 P.2d 964, 53 A.L.R.3d 513] suggests the trial court utilize the procedures of that act in dealing with class actions. Civil Code section 1781 requires notice be given at least 10 days before the hearing on a motion to determine if conditions for the maintenance of a class action exist.

Due to the scarcity of procedural guidelines for class actions brought in state court, *Vasquez* suggests the court should refer to rule 23 of the Federal

Rules of Civil Procedure (28 U.S.C.) for "procedural devices which a trial court may find useful." (*Vasquez* v. *Superior Court, supra,* 4 Cal.3d at p. 821.) Cases decided under rule 23 contemplate a noticed hearing as a prerequisite to the court's determination of whether a lawsuit should proceed as a class action. For example, in *Satterwhite* v. *City of Greenville* (5th Cir. 1978) 578 F.2d 987, the court held: "It is the court's duty to determine 'as soon as practicable' whether the action may be maintained as a class litigation. That duty, however, creates an obligation on counsel to assist by filing an appropriate motion supported by proper evidence. Although, in rare instances, maintainability may be determined on the basis of the pleadings, [citation], if there is any genuine doubt with respect to the propriety of a class action, a preliminary evidentiary hearing is essential. . . . [¶] . . . The expense to the litigants in this case and the expenditure of judicial energy and thought devoted to the dismissal of this claim underline that it is critically important for both counsel and the court to accord to the preliminary procedural issues in class actions the uncompromising attention that they deserve." (*Id.* at pp. 998-999.) In *International Woodworkers, etc.* v. *Georgia-Pacific Corp.* (8th Cir. 1977) 568 F.2d 64, the court reversed the denial of class certification where "[t]he district court acted without holding a hearing or taking evidence regarding any of the factors normally requisite to a determination of the fairness and adequacy of class representation." (*Id.* at p. 67.)

Code of Civil Procedure section 1005 specifies those motions requiring written notice. A motion to certify a class action is not listed. However, section 1005 is not all-inclusive. For example, *Walker* v. *Superior Court* (1991) 53 Cal.3d 257 [279 Cal.Rptr. 576, 807 P.2d 418], a case dealing with the superior court's authority to transfer cases to municipal court, held such transfers should be made on noticed motion: "First, all three [Court of Appeal] decisions [dealing with the issue] emphasized the importance of proper notice to the parties. 'For future cases, a noticed motion procedure would be preferable to the court proceeding sua sponte. In this way, the plaintiff will be assured of adequate notice to resist transfer . . . .' [Citation.]" (*Id.* at p. 271.)

The order granting or denying class certification frequently determines whether the case has continuing viability. Appellate courts have recognized the importance of such orders by creating an exception to the rule denying appellate review. "Whether the order is directly appealable or we treat this as a petition for writ of mandate, the issue of the class certification order is and should be before us." (*Miller* v. *Woods* (1983) 148 Cal.App.3d 862, 871, fn. 9 [196 Cal.Rptr. 69]; see also 9 Witkin, Cal. Procedure (3d ed. 1985)

Appeal, § 85, p. 106.) Due process requires an order with such significant impact on the viability of a case not be made without a full opportunity to brief the issues and present evidence.[2] This is true whether the issue is presented in a motion or by way of an order to show cause issued by the court. In addition, each party should have an opportunity to conduct discovery on class action issues before its documents in support of or in opposition to the motion must be filed. Since petitioners did not have notice the class certification motion would be considered at the November 16 hearing and an opportunity to file their opposition, the petition must be granted.

## II

Petitioners seek further determinations from this court that (1) the case is not a proper one for class certification, and (2) plaintiffs failed to present evidence supporting the determination that the case should proceed as a class action. ■ Their primary argument is based on the absence of a well-defined community of interest in the questions of fact involved in the case. This is an essential element for maintaining a class action. (*Occidental Land, Inc.* v. *Superior Court* (1976) 18 Cal.3d 355, 360 [134 Cal.Rptr. 388, 556 P.2d 750]; *Vasquez* v. *Superior Court, supra,* 4 Cal.3d at p. 809.) Since some of the allegations of the complaint are based on oral misrepresentations, petitioners argue these necessarily varied from class member to class member and that ". . . the right of each individual to recover may not be based on a separate set of facts applicable only to him." (*Vasquez* v. *Superior Court, supra,* 4 Cal.3d at p. 809; see also *Brown* v. *Regents of University of California* (1984) 151 Cal.App.3d 982, 989 [198 Cal.Rptr. 916].)

The complaint alleges misrepresentations in advertising, direct mail, and telephone contacts. We cannot determine from the single declaration submitted in support of the class certification motion what role each of these forms of communication played. The telephone contacts may be the most troublesome if they differed from individual to individual. On the other hand, if these communications were essentially standard scripts or substantially solicitations repeated to all prospective customers, the facts applicable to the class members could permit a class action. This was the case in *Vasquez* v. *Superior Court, supra,* 4 Cal.3d 800, where the court determined that a class action was appropriate because "[t]he salesmen . . . memorized a standard statement containing the representations (which in turn were based on a printed narrative and sales manual) and that this statement was recited by rote to every member of the class." (*Id.* at pp. 811-812.)

---

[2]The evidence presumably would be presented in the form of declarations or affidavits; we do not suggest that the court is required to hear testimony.

In the absence of supporting declarations or other admissible evidence indicating the communications were substantially uniform, plaintiffs have yet to establish one of the requisites for the maintenance of a class action. However, it may well be such facts exist. It would be premature for this court to determine at this time that a class action is inappropriate. This issue should be addressed by the trial court when the motion is properly noticed for hearing.

### III

Petitioners next argue the merits of the allegations made against them. A motion to certify a class action is not a trial on the merits, nor does it function as a motion for summary judgment. "The court may consider the merits of the claim only to determine whether there is a *realistic chance* for recovery." (Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial, *supra,* ¶ 14:100, p. 14-20.3.) As noted, the declaration filed with the motion is essentially barren of facts which would enable the court to make such a determination.

Plaintiffs also rely on parts of the congressional Subcommittee on Governmental Operations, Report on Telemarketing Fraud to support respondents' class certification order. The report does not provide a factual basis for the motion since it does not contain evidence concerning petitioner's conduct.

### IV

Finally, petitioners attack the order requiring notice to class members. In view of our decision, and assuming a class action is appropriate, the trial court shall likewise consider, upon a properly noticed motion, the form of such notice and whether notice should be issued at this stage of the proceedings or whether it would be more appropriate to defer giving notice until sufficient facts are developed on the merits of the claim to warrant the negative impact which notice undoubtedly will have on petitioners and their business.

### DISPOSITION

We have followed the procedures and given the notices described in *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-183 [203 Cal.Rptr. 626, 681 P.2d 893]. Let a writ of mandate issue directing the trial court to vacate its order certifying the class and the subclasses and the other orders incidental thereto without prejudice to plaintiffs properly noticing a

motion seeking the relief. The alternative writ is discharged and this court's stay order is dissolved.

Sills, P. J., and Wallin, J., concurred.