[No. B130010. Second Dist., Div. Four. July 6, 1999.]

ASHA CHAHAL, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
GREYHOUND LINES, INC., Real Party in Interest.

## COUNSEL

Robert A. Foster II for Petitioner.

LaFollette, Johnson, De Haas, Fesler & Ames and Alfred W. Gerisch, Jr., for Real Party in Interest.

## OPINION

**THE COURT.**\*—The petition seeks to vacate a superior court order of March 2, 1999, transferring petitioner's personal injury action to municipal court on the ground it could not result in a plaintiff's verdict meeting the superior court's $25,001 jurisdictional minimum.

The court issued notice to the parties of its intention to grant the peremptory writ in the first instance and gave real party in interest the opportunity to file plenary opposition to the petition.

Real party in interest informed the court by letter that it would not file any written opposition and that it submitted the matter on the basis of the factual allegations in the petition and its record.

We have determined that respondent committed a clear abuse of discretion. The issuance of an alternative writ and oral argument thereon would not contribute anything of significance and would only cause further delay in restoring plaintiff's case to the proper trial court. (*Alexander* v. *Superior Court* (1993) 5 Cal.4th 1218, 1222-1223 [23 Cal.Rptr.2d 397, 859 P.2d 96]; *Ng* v. *Superior Court* (1992) 4 Cal.4th 29, 35 [13 Cal.Rptr.2d 856, 840 P.2d 961]; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 180 [203 Cal.Rptr. 626, 681 P.2d 893].)

*Facts.*

The material facts are simple and are not in dispute.

Plaintiff filed a personal injury action in respondent court on the claim that she fell and suffered a trimalleolar fracture of her left ankle while exiting a bus on defendant's business premises. Plaintiff attributes the injury to defendant's negligence in allowing a slippery substance to remain on the ground where its bus passengers disembark.

A status conference was set for March 2, 1999.

The status conference questionnaires submitted by plaintiff and by defendant, respectively, state that the case should *not* be transferred to municipal court because the amount in controversy exceeds the municipal court's jurisdictional limit.

Plaintiff's status conference questionnaire further states that plaintiff had suffered a "serious ankle fracture"; that her medical expenses totaled $12,231.55 "to date," and that she does not claim any lost earnings.

---

\*Before Epstein, Acting P. J., Hastings, J., and Curry, J.

The status conference was conducted in chambers and was not reported.

During the status conference, which lasted approximately one minute, respondent inquired only briefly into whether the case should be transferred to municipal court. The court first asked plaintiff's counsel whether her medical expenses were still about $12,000. Counsel responded that medical expenses had increased to $14,300. The court then asked about the status of discovery and was informed that plaintiff was living in India and would appear in California for deposition if defendant would pay all her travel expenses. Upon hearing this, respondent immediately ordered the case transferred to municipal court without affording plaintiff's counsel any opportunity to present further evidence or argue the issue of transfer. Respondent did not state any grounds for ordering the transfer.

## *Discussion.*

 We conclude that respondent abused its discretion in ordering the transfer given the undisputed circumstances.

 The standard for transferring an action to municipal court on the basis it does not meet the superior court's monetary jurisdiction involves an evaluation of the amount fairly in controversy, not an adjudication of the merits of the claim, and requires "a high level of certainty that [the] damage award will not exceed $25,000." (*Walker* v. *Superior Court* (1991) 53 Cal.3d 257, 269 [279 Cal.Rptr. 576, 807 P.2d 418].) Otherwise stated, the superior court must reasonably determine that "the verdict will 'necessarily' fall short of the superior court jurisdictional requirement of a claim exceeding $25,000." (*Id.* at p. 270.) A belief that a sufficient verdict is "highly unlikely" is not enough to justify a transfer; "legal certainty" is required. (*Id.* at pp. 269-270; see also *Maldonado* v. *Superior Court* (1996) 45 Cal.App.4th 397, 401-402 [52 Cal.Rptr.2d 805].) This case does not meet that standard.

 Before ordering the transfer respondent was informed by the record that plaintiff had suffered a trimalleolar ankle fracture (described in plaintiff's questionnaire as "a serious ankle fracture") for which she had undergone surgery and incurred $14,300 in medical expenses. Respondent was informed that the medical expenses had increased by $2,300 during the one-month period between the filing of plaintiff's status conference questionnaire and the time the conference occurred. There was no indication that plaintiff would not incur additional expenses for medical and rehabilitation treatments. There was no indication that plaintiff did not suffer significant physical disability and pain from the injury or that she would not suffer long-term disability and pain. Respondent did not inquire into these material

issues or permit plaintiff's counsel to address them before ordering the transfer.

In addition, although defendant's formal concession that plaintiff's claim exceeds the municipal court's jurisdictional limit did not require the superior court to accede to this conclusion, the fact that neither side believed the case was subject to transfer under Code of Civil Procedure section 396 is a circumstance entitled to considerable weight.

The circumstances also demonstrate that respondent denied plaintiff's counsel an adequate opportunity at the status conference to make a full presentation of facts and legal argument before ordering the case transferred. (*Walker* v. *Superior Court, supra*, 53 Cal.3d at p. 272; *Andre* v. *Superior Court* (1991) 2 Cal.App.4th 11, 18-19 [2 Cal.Rptr.2d 815].)

### *Disposition.*

Let a peremptory writ of mandate issue directing respondent to vacate its order of March 2, 1999, and to order the case retransferred to it for all further proceedings. This court's order staying all municipal court proceedings in the action shall remain in effect.

Given that real party in interest did not urge respondent to transfer the action to municipal court and did not oppose the petition for writ of mandate, petitioner's request for an award of costs pursuant to California Rules of Court, rule 56.4, is denied in the interests of justice.