127 Cal.Rptr.2d 402 (2002)
103 Cal.App.4th 1216
Boris STERN et al. Petitioners,
v.
The SUPERIOR COURT of Los Angeles County, Respondent;
Getz, Krycler & Jakubovits et al., Real Parties in Interest.
No. B150315.
Court of Appeal, Second District, Division Three.
November 26, 2002.
Rehearing Granted December 26, 2002.[**]
*404 Harris & Kaufman, William E. Harris, Sherman Oaks, and Matthew A. Kaufman for Petitioner.
Reback, McAndrews & Kjar, John M. Caron and Matthew A. Stein for Real Parties in Interest.
Certified for Partial Publication.[*]
*403 KITCHING, J.

I. INTRODUCTION
Before unification of the lower courts, a case that did not meet the jurisdictional amount in controversy was subject to transfer from superior to municipal court. After court unification and enactment of a new statutory scheme, a case that does not meet the jurisdictional amount in controversy is a "limited civil case" (Code Civ. Proc, § 85)[1] and is subject to reclassification. *405 Despite the change in court organization, nomenclature, and statutes, prior substantive and procedural law continues to govern how a trial court determines whether a case should be reclassified. Applying that law, we hold that a trial court should order jurisdictional reclassification based on the amount in controversy only after the parties have received proper notice and the opposing party has had an opportunity to contest reclassification.
We also find that the trial court may only determine whether a matter shall be a class action after the parties have notice and an opportunity to present evidence. Finally, under Walker v. Superior Court (1991) 53 Cal.3d 257, 262, 279 Cal.Rptr. 576, 807 P.2d 418, we find that the trial court improperly reclassified this action as a limited civil case without evidence that the matter will "necessarily" result in a verdict below the jurisdictional amount required by statute for classification as an unlimited civil case.
Plaintiffs appeal from an order reclassifying their case as a limited civil case. We treat the appeal as a petition for extraordinary relief, and issue a writ of mandate ordering the trial court to vacate the reclassification order.

II. FACTUAL AND PROCEDURAL HISTORY
In the operative complaint, plaintiffs Boris Stern, Atale Stern, Alexander Flig, Sheva Treskunova, Jacob Goldner, and "All Others Similarly Situated" named as defendants Getz, Krycler, & Jakubovits, an accountancy corporation, Michael J. Krycler, C.P.A, Yossi Jakubovits, C.P.A., and Kenneth M. Walheim.
The complaint alleged as follows: the California Board of Accountancy licensed Walheim as a Certified Public Accountant on December 5, 1980. Unless renewed, such license expired on April 30 of evennumbered years. Walheim's license expired on April 30, 1996 and was not valid from May 1, 1996, through November 19, 2000. Although Walheim did not have a valid public accountancy license during this period, he continued to practice public accountancy as an agent and employee of Getz, Krycler, & Jakubovits. Orally and in writing, that firm and Walheim advertised and represented to the public that Walheim was a Certified Public Accountant (C.P.A.). These false advertisements and representations violated accountancy licensing statutes (Bus. & Prof.Code, §§ 5050, 5051, 5055, 5070.8, 5120, & 5121).
While Walheim was unlicensed, plaintiffs hired and paid Walheim to perform accounting services as a C.P.A. employed by remaining defendants. Plaintiffs did not find out that Walheim had no valid C.P.A. license until November 14, 2000.
The complaint contained causes of action by Flig, Treskunova, and Goldner individually for violation of the California Consumers Legal Remedies Act (Civ. Code, § 1750, et seq.), by all plaintiffs individually for unlawful and fraudulent business practices in violation of Business and Professions Code section 17200, et seq, and by all plaintiffs individually for fraud (Civ.Code, § 1709).
The complaint contained a cause of action by three of the plaintiffs against all defendants for class action pursuant to Civil Code section 1781 for violation of the California Consumers Legal Remedies Act; by all plaintiffs for class action, in their representative capacity for unlawful and fraudulent business practices in violation of Business and Professions Code section 17200, et seq.; and by all plaintiffs for class action against Getz, Krycler, & Jakubovits, and Krycler and Jakubovits individually, for negligent misrepresentation (Civ. Code, § 1710, subd. (2)).
*406 The three class action causes of action, brought pursuant to Civil Code section 1781 and Code of Civil Procedure section 382, alleged that while Walheim did not have a valid C.P.A. license, he performed accounting services for and collected fees from other consumers. Defendants' records identified those consumers and amounts they paid defendants for Walheim's services. Plaintiffs represented a class consisting of all defendants' clients for whom Walheim rendered accounting services for the three years before plaintiffs filed their original complaint.
At a May 9, 2001, initial status conference, the trial court observed that the action had not been certified a class action. Plaintiffs' attorney conceded it was not certified. Without giving the plaintiffs notice or an opportunity to present evidence, the trial court found that the matter was not a class action and ordered the matter reclassified as a limited civil case because plaintiffs had not shown they could recover more than the $25,000 jurisdictional limit.
Plaintiffs filed a notice of appeal on May 16, 2001.

III. ISSUES
The issue in this case is whether the trial court abused its discretion when it ordered this case reclassified without notice and without giving the opposing party an opportunity to contest reclassification.
An unpublished portion of this opinion addresses an additional issue.

IV. DISCUSSION

A. Appealability[**]

B. The Trial Court Abused Its Discretion in Ordering Reclassification

As stated, the issue in this case is whether the trial court abused its discretion by ordering the case reclassified without notice and without giving plaintiffs the opportunity to oppose reclassification. We conclude that the trial court, without providing notice and an opportunity to present opposition, erroneously ordered the action reclassified as a limited civil case. We find an abuse of discretion and reverse the reclassification order.

1. Procedural and Substantive Requirements for a Reclassification Order

Formerly a case whose amount in controversy did not meet the jurisdictional minimum was subject to a transfer of jurisdiction from the superior court to the municipal court. (Walker v. Superior Court, supra, 53 Cal.3d at p. 264, 279 Cal.Rptr. 576, 807 P.2d 418.) Now, however, there are no longer municipal courts. (General Electric Capital Auto Financial Services, Inc. v. Appellate Division (2001) 88 Cal.App.4th 136, 141, fn. 1, 105 Cal. Rptr.2d 552.) Therefore a "transfer" of jurisdiction from one court to another no longer takes place. The superior court has original jurisdiction in a limited civil case. (§ 85.1.) The statutory scheme now authorizes "reclassification" of a case that is erroneously classified. (§ 403.040, subd. (a).)
Notwithstanding the changes in court organization, procedure, and nomenclature reflected in sections 85 through 89 and 403.010 through 403.090, the amount in controversy continues to provide a ground for reclassifying an action. A "limited civil case" includes, inter alia, a case at law "in which the demand, exclusive of interest, or the value of the property in controversy amounts to twenty-five thousand dollars ($25,000) or less." (§ 86, subd. (a)(1).) "A civil action or proceeding other than a limited civil case may be referred to as an unlimited civil case." (§ 88.) The *407 statutory changes have not altered substantive and procedural law governing how a trial court values a case to determine the jurisdictional amount in controversy when ruling on a motion for reclassification.
A trial court has authority to conduct a pretrial hearing to obtain information about whether the amount of the judgment will require reclassification. (Walker v. Superior Court, supra, 53 Cal.3d at p. 268, 279 Cal.Rptr. 576, 807 P.2d 418.) The Walker requirements for determining the amount in controversy formerly applied to the "transfer" of a case from superior to municipal court, and continue to apply when a court makes a determination of the amount in controversy for purposes of "reclassification." A party moving for reclassification should make a noticed motion. (Id. at p. 271, 279 Cal. Rptr. 576, 807 P.2d 418.) A court contemplating ordering reclassification on its own motion must also provide notice to the parties. (Ibid.; Kent v. Superior Court (1992) 2 Cal.App.4th 1392, 1394, 4 Cal. Rptr.2d 21.) Whether a party makes a motion or the court raises the jurisdictional issue on its own motion pursuant to section 403.040, subdivision (a), the court must provide "sufficient opportunity to respond and offer reasons why [reclassification] should or should not be ordered." (Walker v. Superior Court, supra, 53 Cal.3d at p. 272, 279 Cal.Rptr. 576, 807 P.2d 418.) Even if no hearing is held, before ordering reclassification the court must afford the parties an opportunity to contest reclassification. (Id. at p. 262, 279 Cal.Rptr. 576, 807 P.2d 418; see also Kent v. Superior Court, supra, 2 Cal.App.4th at p. 1394, 4 Cal.Rptr.2d 21.)
Regarding valuation of the amount of a future judgment, Walker holds that a matter can be transferred (or reclassified) when (1) before trial, the complaint, petition, or related documents make the absence of jurisdiction apparent; or (2) during pretrial litigation, it becomes clear that the matter will "necessarily" result in a verdict below the jurisdictional amount. (Walker v. Superior Court, supra, 53 Cal.3d at p. 262, 279 Cal.Rptr. 576, 807 P.2d 418.)[2]
This court reviews a reclassification order according to an abuse of discretion standard, i.e., whether the court made an informed decision within its discretion or whether the order exceeded the bounds of reason. (See Walker v. Superior Court, supra, 53 Cal.3d at p. 272, 279 Cal.Rptr. 576, 807 P.2d 418.)

2. The Court Improperly Ordered the Case Reclassified

The reclassification order must be reversed because plaintiffs had no notice and no opportunity to contest reclassification, and because the evidence did not meet the requirement in Walker that the matter will "necessarily" result in a verdict below the jurisdictional minimum. (Walker v. Superior Court, supra, 53 Cal.3d at p. 262, 279 Cal.Rptr. 576, 807 P.2d 418.)

a. The Court Did Not Give Notice That It Would Rule on Whether the Case Satisfied the Jurisdictional Minimuni

The trial court, on its own motion, may reclassify a case "at any time ... if *408 the case has been classified in an incorrect jurisdictional classification." (§ 403.040, subd. (a).) We do not view this statutory authorization to reclassify "at any time," however, as changing the Walker requirement that a noticed motion and an opportunity to contest reclassification must be provided before a trial court determines the jurisdictional-amount issue. This requirement is intended to avoid surprise, facilitate the creation of a complete record, and provide due process.
In this case, plaintiffs filed their second amended complaint on May 1, 2001, and appeared at a May 9, 2001, initial status conference. Plaintiffs appear to have received no notice that the trial court contemplated making findings on whether the three class action causes of action could be considered in determining whether the case satisfied the amount in controversy for purposes of jurisdictional classification. This lack of notice requires reversal of the reclassification order. (Andre v. Superior Court (1991) 2 Cal.App.4th 11, 19, 2 Cal. Rptr.2d 815 [plaintiff must have an opportunity to present arguments against proposed reclassification]; Chahal v. Superior Court (1999) 73 Cal.App.4th 399, 403, 86 Cal.Rptr.2d 428 [plaintiff must have opportunity to present facts and legal argument before court orders reclassification]; Kent v. Superior Court, supra, 2 Cal.App.4th at p. 1394, 4 Cal.Rptr.2d 21 [court may not, sua sponte, order reclassification without notice and hearing].)

b. The Trial Court Abused Its Discretion by Deciding the Class Action Issue Without Giving Plaintiffs Notice or the Opportunity to Present Facts and Argument on Class Action Allegations

Before making its reclassification order, the trial court found that three causes of action were not class actions, which eliminated them from the complaint for purposes of determining whether its value exceeded the jurisdictional amount in controversy. Because the parties did not have notice, discovery, or an opportunity to brief issues and present evidence regarding whether the case was a class action, the trial court abused its discretion.
Our task on appeal is not to determine whether the requested class is appropriate, but whether the trial court abused its discretion in granting or denying certification. Absent other error, this court will not disturb a ruling on class certification unless (1) the ruling is not supported by substantial evidence; (2) the trial court used improper criteria; or (3) the trial court made erroneous legal assumptions. (Cam v. Procter & Gamble Co. (1993) 18 Cal.App.4th 644, 655, 22 Cal. Rptr.2d 419.)
"Whether an action shall proceed as a class action is customarily decided after a noticed hearing." (Carabini v. Superior Court (1994) 26 Cal.App.4th 239, 242, 31 Cal.Rptr.2d 520.) This is true whether the issue arises on a motion by plaintiff, on a motion to dismiss class action allegations by a party opposing the class, or on the court's own motion. (Ibid.) Due process requires that such an order not be made without a full opportunity for the parties to brief issues and present evidence. (Id. at pp. 241, 244, 31 Cal. Rptr.2d 520.) The second cause of action, furthermore, was a class action under the Consumers Legal Remedies Act (Civ.Code, § 1750 et seq.), whose Civil Code section 1781 requires at least 10 days' notice before the hearing on a motion to determine if conditions for maintaining a class action exist. (26 Cal.App.4th at p. 242, 31 Cal. *409 Rptr.2d 520; Civ.Code, § 1781, subd. (c).) No such notice was given.[3]
Each party, moreover, must have an opportunity to conduct discovery on class action issues before filing documents to support or oppose a class action certification motion (Carabini v. Superior Court, supra, 26 Cal.App.4th at p. 244, 31 Cal. Rptr.2d 520; Bartold v. Glendale Federal Bank (2000) 81 Cal.App.4th 816, 836, 97 Cal.Rptr.2d 226) so the trial court can realistically determine if common questions are sufficiently pervasive to permit adjudication in a class action.[4] (Atari, Inc. v. Superior Court (1985) 166 Cal.App.3d 867, 870, 212 Cal.Rptr. 773.) The court ruled that the Stern action was not a class action nine days after the second amended complaint was filed, a period that was not adequate for discovery on class action certification issues.

C. There is no Evidence That This Matter Will "Necessarily" Result in a Verdict Below the Jurisdictional Amount

To reclassify an action because it does not meet the jurisdictional amount involves evaluation of the amount fairly in controversy, not an evaluation of the merits of the claim. The trial court must reasonably determine that the verdict will "necessarily" fall short of the $25,001 required for an unlimited civil case. (Chahal v. Superior Court, supra, 73 Cal.App.4th at p. 402, 86 Cal.Rptr.2d 428; Walker v. Superior Court, supra, 53 Cal.3d at p. 262, 279 Cal.Rptr. 576, 807 P.2d 418; Singer v. Superior Court (1999) 70 Cal.App.4th 1315, 1320-1321, 83 Cal.Rptr.2d 355.) "The trial court reviews the record to determine whether the result is obtainable. Simply stated, the trial court looks to the possibility of a jurisdictionally appropriate verdict, not to its probability." (Maldonado v. Superior Court (1996) 45 Cal.App.4th 397, 402, 52 Cal.Rptr.2d 805.)
The prayer or "demand" for relief in the complaint is relevant to valuation of the amount in controversy. (§ 86, subd. (a); Minor v. Municipal Court (1990) 219 Cal.App.3d 1541, 1547, 268 Cal.Rptr. 919; Campbell v. Superior Court (1989) 213 Cal. App.3d 147, 151, 261 Cal.Rptr. 509.) Other evidence can take the form of arbitration awards (see Williams v. Superior Court (1990) 219 Cal.App.3d 171, 174, 268 Cal.Rptr. 61) or the amount of a settlement recommendation resulting from court-ordered settlement negotiations (Walker v. Superior Court, supra, 53 Cal.3d at p. 273, 279 Cal.Rptr. 576, 807 P.2d 418). The lack of notice to the parties that the court would order reclassification prevented the parties from providing *410 evidence of the value of the verdict other than the Stern complaint itself.
Section 85, subdivision (a) defines the "amount in controversy" as "the amount of the demand, or the recovery sought." The second amended complaint seeks restitution of fees that plaintiffs paid defendants, including $2,500 paid by the Sterns, $125 paid by Flig, $500 paid by Treskunova, and "thousands of dollars" paid by Goldner. The class action causes of action seek restitution of accountancy fees paid by an unknown number of class members.
Without further evidence as to the value of the case, the allegations of the complaint preclude a finding that the verdict will "necessarily" fall short of the $25,001 jurisdictional requirement. We conclude that the reclassification order was an abuse of discretion.

V. DISPOSITION
Let a peremptory writ of mandate issue directing the trial court to vacate its May 9, 2001, order. Costs are awarded to plaintiffs.
We concur: KLEIN, P.J., and ALDRICH, J.
NOTES
[*] Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part IV(A).
[**] Opinion filed Jan. 10, 2003, not certified for publication.
[1] Unless otherwise specified, statutes in this opinion will refer to the Code of Civil Procedure.
[**] See footnote *, ante.
[2] Although the reclassification statutes have made numerous changes, the jurisdictional amount in controversy has not changed and continues to provide a basis for reclassification (§§ 85, subd. (a), 86, subd. (a)(1), 403.010 et seq.). Thus the Walker test continues to govern the determination of the jurisdictional amount in controversy for reclassification as a limited civil case, i.e., that the matter will "necessarily" result in a verdict below the jurisdictional amount. (Walker v. Superior Court, supra, 53 Cal.3d at p. 262, 279 Cal.Rptr. 576, 807 P.2d 418.)
[3] Defendants argue that their demurrers to the first and second amended complaints raised the issue of defects in plaintiffs' class action causes of action. The record on appeal, however, contains no demurrer to the second amended complaint. The demurrer to the first amended complaint objected only to one of the three class action causes of action, and did not object to the other two and as defendants concede, the demurrer to the first amended complaint was taken off calendar.
[4] In a class action certification proceeding, moreover, the court should not determine a claim's merits or validity. (Bartold v. Glendale Federal Bank, supra, 81 Cal.App.4th at p. 829, 97 Cal.Rptr.2d 226.) The trial court, however, appears to have done just that in concluding that Walheim did not have to be a licensed C.P.A. as long as he performed work for a C.P.A. firm, and stating that Walheim's false representation that he had a valid accounting license caused no damage and could not be remedied in a civil action. The parties had no opportunity to address the legal effect of Walheim's performance of C.P.A. services while unlicensed or of damages this conduct caused plaintiffs, or potential class members, to sustain. Thus the trial court's conclusions did not form proper grounds for this ruling.