Filed 8/25/14  P. v. Bonds CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| THE PEOPLE, | C071757 |
| Plaintiff and Appellant, | (Super. Ct. No. 72-006462) |
| v. | |
| ALEX PADILLA BAIL BONDS, | |
| Defendant and Respondent. | |

The People appeal from an order granting respondent Alex Padilla Bail Bonds's motion to set aside a summary judgment against it pursuant to Penal Code section 1306, subdivision (a),[1] which provides in pertinent part:  "When any bond is forfeited and the period of time specified in Section 1305 has elapsed without the forfeiture having been

---

[1] Further undesignated statutory references are to the Penal Code.

set aside, the court which has declared the forfeiture *shall* enter a summary judgment against each bondsman named in the bond in the amount for which the bondsman is bound." (Italics added.) Summary judgment was entered by the trial court in the person of Trilla E. Bahrke, a commissioner.[2] In setting aside the summary judgment, the trial court found commissioners lack the authority to enter summary judgment under section 1306 absent the consent of the parties.

We agree with the People that summary judgment under section 1306 is granted on an ex parte basis, and thus, commissioners have the legal authority to enter such orders absent the consent of all parties under Code of Civil Procedure section 259, subdivision (a), which authorizes commissioners to "[h]ear and determine ex parte motions." We reject respondent's argument that we lack jurisdiction to entertain this appeal as one having been taken from a limited civil case involving an amount in controversy of $25,000 or less. (Code Civ. Proc., §§ 85, 86, 904.1, 904.2.) Accordingly, we shall reverse the order setting aside summary judgment and direct the trial court to reinstate it.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 7, 2010, respondent posted a bail bond for defendant James Lindsey Polse in the sum of $25,000. Polse was charged in a felony complaint with eight counts. On May 18, 2010, Polse failed to appear, and the trial court, in the person of Judge James F. Dawson, ordered the bond forfeited and issued a bench warrant. (§ 1305, subd. (a)(4).) That same day, May 18, 2010, notice of the forfeiture was mailed to respondent. (§ 1305, subd. (b).) From that date, respondent had 185 days, until November 19, 2010, to move

---

[2] Bahrke is erroneously identified as "Judge of the Superior Court" in the summary judgment and amended summary judgment.

to have the forfeiture vacated and the bond exonerated. (§ 1305, subds. (b), (c)(1); see *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 658.)

On November 19, 2010, respondent moved to extend the 185-day period. (§ 1305.4.) The motion was unopposed, and the time period was extended 180 days (the maximum amount of time allowed), until May 18, 2011. (*Ibid.*)

On May 25, 2011, the trial court, in the person Commissioner Trilla E. Bahrke, entered summary judgment against respondent on the bond. (§ 1306, subd. (a).)

On November 11, 2011, respondent arrested Polse and returned him to custody.

On December 9, 2011, respondent moved to set aside the summary judgment, arguing (1) only a judge, not a commissioner, can enter summary judgment absent the consent of the parties, and (2) the People's "complicity in hindering fugitive Pulse's [*sic*] apprehension precludes the County of Placer from recovering on its contract due to unclean hands." The trial court, in the person of Judge Dawson, granted the motion and exonerated the bail, finding section 259 of the Code of Civil Procedure and sections 1305 and 1306 of the Penal Code "indicate that the authority to enter into a summary judgment on a forfeited bail bond is to a judge unless the parties agree otherwise, and I don't see any other agreement."

DISCUSSION

I

The Appeal Is Properly Before This Court

Respondent contends we lack jurisdiction over this appeal because the amount in controversy does not exceed $25,000. We are not persuaded.

Before unification of the superior and municipal courts, a bond forfeiture ordered by the municipal court was appealed to the appellate department of the superior court and a forfeiture ordered by the superior court was appealed to the court of appeal, regardless of the amount of the bond. (Cal. Const., former art. VI, § 11; Code Civ. Proc., former §§ 77, subd. (g) [Stats. 1961, ch. 957, § 1], 904.1, & 904.2; *Newman v. Superior Court of*

3

*Los Angeles County* (1967) 67 Cal.2d 620, 621-623 [amount of bail does not determine jurisdiction of appeal relating to bail forfeiture order].)  This was true despite the civil nature of bail bond forfeiture proceedings.  (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 657, citing *People v. Wilcox* (1960) 53 Cal.2d 651, 654.)

In 1998, the California Constitution was amended to permit unification of the municipal and superior courts in each county into a single superior court system.  (Cal. Const., former art. VI, § 5.)  Civil cases formerly within the jurisdiction of the municipal courts are now classified as limited civil cases, while matters formerly within the jurisdiction of the superior courts are classified as unlimited civil cases.  (Code Civ. Proc., §§ 85, 88; *Ytuarte v. Superior Court* (2005) 129 Cal.App.4th 266, 274.)  "An appeal of a ruling by a superior court judge or other judicial officer in a limited civil case is to the appellate division of the superior court."  (Code Civ. Proc., § 904.2.)  "An appeal, other than in a limited civil case, is to the court of appeal."  (*Id.*, § 904.1.)

Subject to certain other requirements concerning the nature of the relief sought, a limited civil case is one in which the amount in controversy is $25,000 or less.  (Code Civ. Proc., §§ 85, subd. (a), 86.)  "As used in this section, 'amount in controversy' means the amount of the demand, or the recovery sought, or the value of the property, or the amount of the lien, that is in controversy in the action, exclusive of attorneys' fees, interest, and costs."  (*Id.*, § 85, subd. (a).)  Respondent argues in essence that this case was necessarily limited because the amount of the bond did not exceed $25,000.

A case is a limited case when it is specifically classified as such.  Code of Civil Procedure section 422.30, subdivision (b) provides, "In a limited civil case, the caption shall state that the case is a limited civil case, and the clerk shall classify the case accordingly."  California Rules of Court, rule 2.111(10) similarly requires that, "In the caption of every pleading and every other paper filed in a limited civil case, the words 'Limited Civil Case' " shall appear on the first page.  If a case is not filed as a limited civil case but meets the jurisdictional requirements, then it may be reclassified as a

4

limited civil case by a motion brought by the parties or the court. (Code Civ. Proc., § 403.020 et seq.) Before a case may be reclassified as a limited civil case, the party moving for the reclassification or the court ordering reclassification must give notice that reclassification is being sought. (*Stern v. Superior Court* (2003) 105 Cal.App.4th 223, 230; Code Civ. Proc., § 403.040, subd. (a).) An untimely motion for reclassification requires the moving party to show good cause for not seeking reclassification at an earlier date. (Code Civ. Proc., § 403.040, subd. (b)(2).)

As a preliminary matter, respondent fails to cite and we have been unable to find any case in which an appellate court has declined to exercise jurisdiction over an appeal in a bail forfeiture proceeding based on the amount of the bond. Nor have we found any case that addresses the jurisdiction of the courts of appeal to hear such cases following unification. We did find cases decided after unification in which courts of appeal, including this one, entertained appeals in bail bond proceedings where the amount of the bond did not exceed $25,000. (See *People v. Frontier Pacific Ins. Co.* (2000) 83 Cal.App.4th 1289, 1291 [appeal from order denying exoneration of bail and summary judgment following forfeiture of $18,334 bond]; *People v. Topa Ins. Co.* (1995) 32 Cal.App.4th 296, 297 [appeal from order denying exoneration of bail bond and summary judgment following forfeiture of $20,000 bond].) Thus, this case appears to present an issue of first impression.[3]

---

[3] The issue, however, is not likely to present itself many more times, if ever. While this case was pending on appeal, the Legislature added section 1305.5, which became effective on January 1, 2013. It provides: "Notwithstanding Sections 85, 580, 904.1, and 904.2 of the Code of Civil Procedure, the following rules apply to an appeal from an order of the superior court on a motion to vacate a bail forfeiture declared under Section 1305: [¶] (a) If the amount in controversy exceeds twenty-five thousand dollars ($25,000), the appeal is to the court of appeal and shall be treated as an unlimited civil case. [¶] (b) Except as provided in subdivision (c), if the amount in controversy does not exceed twenty-five thousand dollars ($25,000), the appeal is to the appellate division of the superior court and shall be treated as a limited civil case. [¶] (c) If the bail forfeiture

5

Assuming without deciding that this bond forfeiture proceeding is subject to the jurisdictional rules applicable to civil cases generally (Code Civ. Proc., §§ 904.1, 904.2), this case was not filed as a limited civil case; rather, it arose from a criminal proceeding. Even assuming it meets the requirements for a limited civil case, respondent never sought to reclassify it as such, and the trial court did not purport to reclassify the case on its own motion. Respondent essentially attempts to do so here as a means of having the appeal dismissed. Respondent's attempt to do so is untimely.

Were we to deem the action a limited civil case at this late juncture, we would be depriving the People of the notice to which they would have been entitled had the case been formally reclassified in trial court. (*Stern v. Superior Court, supra,* 105 Cal.App.4th at p. 230; Code Civ. Proc., § 403.040, subd. (a).) Moreover, this would effectively--and retrospectively--render a timely appeal untimely insofar as the time to file a notice of appeal in the appellate division of the superior court expired on June 25, 2012. (Cal. Rules of Court, rule 8.822(a).)[4] " 'The right of appeal is remedial and in doubtful cases

was in a felony case, or in a case in which both a felony and a misdemeanor were charged, and the forfeiture occurred at or after the sentencing hearing or after the indictment or the legal commitment by a magistrate, the appeal is to the court of appeal and shall be treated as an unlimited civil case." Because section 1305.5 was added while this case was pending on appeal, it has no application here. (See generally *Quarry v. Doe I* (2012) 53 Cal.4th 945, 955.)

[4] A notice of appeal in a limited civil case must be filed on or before the earliest of three dates: "(A) 30 days after the trial court clerk serves the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, showing the date it was served; [¶] (B) 30 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a file-stamped copy of the judgment, accompanied by proof of service; or [¶] (C) 90 days after the entry of judgment." (Cal. Rules of Court, rule 8.822(a).) Here, the trial court served both parties with notice of entry of order after hearing on May 25, 2012. Thus, had this case been classified as a limited one, a notice of appeal would have to have been

6

the doubt should be resolved in favor of the right whenever the substantial interests of a party are affected by a judgment . . . .' " (*In re Matthew C.* (1993) 6 Cal.4th 386, 394, superseded by statute on another ground as stated in *People v. Mena* (2012) 54 Cal.4th 146, 157.)  Because this case was never classified as a limited one in the trial court, it is an unlimited case for purposes of appeal.  Therefore jurisdiction properly lies with this court.

## II
## A Commissioner Has Authority to Enter Summary Judgment in a Bail Forfeiture Proceeding

The People contend that the trial court erroneously concluded the commissioner lacked legal authority to enter summary judgment in this case, and thus, the order setting aside summary judgment must be reversed and summary judgment reinstated.   We agree.

Article VI, section 22 of the California Constitution provides, "The Legislature may provide for the appointment by trial courts of record of officers such as commissioners to perform subordinate judicial duties."  "Section 259, subdivision (a) [of the Code of Civil Procedure] gives every court commissioner the power to '[h]ear and determine ex parte motions for orders and alternative writs and writs of habeas corpus in the superior court for which the court commissioner is appointed.' " (*Gomez v. Superior Court* (2012) 54 Cal.4th 293, 300 (*Gomez*), quoting Code Civ. Proc., § 259, subd. (a).) "An 'ex parte motion' is '[a] motion made to the court without notice to the adverse party; a motion that a court considers and rules on without hearing from all sides.' (Black's Law Dict. (9th ed. 2009) p. 1106, col. 2.)" (*Gomez,* at p. 300.)

In *Gomez,* our Supreme Court held that a commissioner's authority to "determine ex parte motions for orders and alternative writs and writs of habeas corpus" includes the authority to summarily deny writ petitions because "both alternative writs and writs of

---

filed with the appellate division of the Placer County Superior Court on or before June 25, 2012.

habeas corpus may be granted or denied on an ex parte basis," i.e. without prior notice and without an appearance by the adverse party. (*Gomez, supra,* 54 Cal.4th at pp. 300-302.) In support of its conclusion the court cited *People v. Surety Ins. Co.* (1975) 48 Cal.App.3d 123, 126, which held that a commissioner is authorized to order a forfeiture of bail under section 1305[5] "because, 'by the very fact of the defendant's nonappearance, this function is performed ex parte.' " (*Gomez,* at p. 301.)

The question here is whether a commissioner has the authority to enter summary judgment against a bail bond surety under section 1306. The answer is yes. Section 1306, subdivision (a) provides in pertinent part: "When any bond is forfeited and the period of time specified in Section 1305 has elapsed without the forfeiture having been set aside, the court which has declared the forfeiture *shall* enter a summary judgment against each bondsman named in the bond in the amount for which the bondsman is bound." (Italics added.) In other words, "If the forfeiture is not set aside by the end of the appearance period, the court is required to enter summary judgment against the surety." (*People v. American Contractors Indemnity Co.*, *supra*, 33 Cal.4th at p. 657.) Notice to a bail bond surety is not required before summary judgment can be entered against it. (See *County of Los Angeles v. Amwest Surety Ins. Co.* (1983) 147 Cal.App.3d 961, 967-968.) Rather, "[t]he surety has consented in the form of the bond as prescribed by section 1287 that judgment may be summarily entered against it, so long as the provisions of sections 1305 and 1306 have been met." (*Id.* at p. 967.) Accordingly, summary judgment under section 1306 may be granted on an ex parte basis, i.e. without a hearing or prior notice to the bail bond surety. Thus, pursuant to Code of Civil Procedure

---

[5] Section 1305, subdivision (a) provides that when a defendant fails to appear when his presence is lawfully required, "[a] court shall in open court declare forfeited the undertaking of bail . . . if, without sufficient excuse, a defendant fails to appear . . . ."

section 259, subdivision (a), the commissioner was authorized to enter summary judgment against respondent in this case, and the trial court erred in concluding otherwise.[6]

Respondent's reliance on section 1305, subdivision (b) for the proposition that it "had the right to <u>notice</u> and to appear" is not well taken. Section 1305, subdivision (b) requires the clerk of the court to provide notice of the bail forfeiture to the surety within 30 days *after* the forfeiture has been declared if the amount of the bond exceeds $400. The notice mailed to respondent in this case reads: "**YOU ARE HEREBY NOTIFIED** that, bail in the above-entitled cause was ordered forfeited by this Court on May 18, 2010, because of the neglect of the above-named defendant to appear." Notice of the declaration of forfeiture does not constitute prior notice of summary judgment. As set forth above, no prior notice is required. (See *County of Los Angeles v. Amwest Surety Ins. Co.*, *supra*, 147 Cal.App.3d at pp. 967-968.)

DISPOSITION

The order setting aside summary judgment and exonerating bail is reversed, and the trial court is directed to reinstate the summary judgment entered on May 25, 2011, as

---

[6] To the extent respondent contends the trial court erred in rejecting its claim that the People are barred under the doctrine of unclean hands from recovering on the bond, the contention fails. First, respondent fails to point to any evidence in the record to support its contention that law enforcement interfered with its ability to apprehend Polse. Second, the declarations submitted in connection with respondent's motion to set aside the summary judgment below do not support respondent's assertion that law enforcement interfered with its ability to apprehend Polse; rather, they amount to rank speculation. Third, respondent makes no attempt to address the trial court's finding that "[t]he doctrine of unclean hands is inapplicable . . . [because] [t]he Placer County Sheriff's Department [(the alleged wrongdoer)] is not a party to the contract between the State and [respondent]."

9

amended on June 2, 2011.  The People shall recover their costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

                                                            __BLEASE__              , J.

We concur:

           __RAYE__                 , P. J.

           __HULL__                 , J.