Filed 9/10/24  Xuan v. Bader CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| HUANG HUONG THI XUAN,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>SULAF BADER,<br><br>     Defendant and Appellant. | G062656<br><br>Super. Ct. No. 30-2022-01266812)<br><br>ORDER MODIFYING OPINION;<br>CHANGE IN JUDGMENT |

The opinion filed on August 14, 2024, is ordered modified as follows:

On page 6, under the heading DISPOSITION, after the sentence, "Xuan shall recover his costs incurred on appeal," add the following sentence:

> The writ of possession previously ordered stayed by this court is extinguished. The rent deposited by Bader pursuant to Code of Civil Procedure section 1176 is ordered released and payable to Xuan.

This modification affects the judgment. (Cal. Rules of Court, rule 8.264(c)(2).)


GOETHALS, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


DELANEY, J.

Filed 8/14/24  Xuan v. Bader CA4/3 (unmodified opinion)

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| HUANG HUONG THI XUAN, | |
| Plaintiff and Respondent, | G062656 |
| v. | Super. Ct. No. 30-2022-01266812) |
| SULAF BADER, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Sandy N. Leal, Judge.  Affirmed.

Sulaf Bader, in pro. per., for Defendant and Appellant.

Steven D. Silverstein for Plaintiff and Respondent.

\*　　　\*　　　\*

Sulaf Bader (Bader) appeals from an unlawful detainer judgment ordering her to vacate the premises and to pay damages to the owner of the

property, Huang Huong Thi Xuan (Xuan). Bader contends the trial court erred in excluding her defenses at trial, reclassifying the case from limited to unlimited, and overruling her demurrer. We affirm.

## FACTS

Xuan filed an unlawful detainer against Bader on June 23, 2022. Xuan designated the case as a limited action seeking an eviction and damages. Bader demurred, claiming the lease was unenforceable because Xuan did not plead facts necessary to prove the required real estate licensure. The court overruled the demurrer. The case was thereafter set for a jury trial in March 2023. Bader's cotenant filed a prejudgment claim of right to possession. The court struck the claim.

Prior to trial, Bader submitted proposed jury instructions, including special instructions. The court denied Bader's requested instructions. Following both sides' presentation of evidence, the jury returned a verdict in Xuan's favor and awarded damages which exceeded the amount permitted in limited cases. Xuan submitted a proposed judgment to the court. The court reclassified the case from limited to unlimited civil and entered judgment for Xuan on April 27, 2023.

## DISCUSSION

### I.

#### THE TRIAL COURT'S RECLASSIFICATION

Bader contends the court erred in reclassifying the case from limited to unlimited absent any request to do so from Xuan. A court can reclassify a case from limited to unlimited on its own motion. (Code Civ. Proc. § 403.040, subd. (a).) Before a court may do so, however, it must give notice to the parties and afford them an opportunity to contest the

2

reclassification. (*Stern v. Superior Court* (2003) 105 Cal.App.4th 223, 229-232.)

Bader asserts the court erred because it failed to provide notice of its intent to reclassify the case and/or to conduct a hearing on the issue. Following the trial, the court issued a minute order inviting Xuan "to indicate if this case was ever reclassified as an Unlimited Civil Action or if there is any other basis for a judgment awarding an amount of damages above the [limited threshold]."[1] The trial court's minute order was served on Bader and Xuan. Days later the court's register of actions reflects receipt of a declaration filed by Xuan "to increase [the] jurisdictional amount." The register of actions notes Xuan thereafter made a payment "to increase [the] jurisdictional amount" and to file an amended complaint. On April 27, Xuan filed a proposed judgment, and Bader filed an objection to the judgment. That same day, the court reclassified the case as unlimited civil.

We must presume the trial court's orders are correct unless Bader demonstrates they are inaccurate using competent evidence. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*).) As noted above, the record indicates the court notified Bader it was considering reclassifying the case before entering judgment. No evidence before us demonstrates the court issued its order without providing notice or a hearing. (*Janney v. CSAA Ins. Exchange* (2021) 70 Cal.App.5th 374, 391.)

---

[1] Bader submitted a letter attaching a copy of this minute order. We considered Bader's filing as a motion to augment the record and gave Xuan the opportunity to oppose, noting the motion would be decided in conjunction with the appeal. Xuan did not file an opposition. The motion to augment is now granted.

## II.

### THE JURY INSTRUCTIONS

Bader contends her "special jury instructions addressed her defenses . . . but the trial court would not permit any of them." "As a result," Bader argues, "the jury could not understand evidence favoring [her] case, and ruled for [Xuan]."

Erroneously giving or refusing to give an instruction is not grounds for reversal unless it is prejudicial. (*Adams v. MHC Colony Park L.P.* (2014) 224 Cal.App.4th 601, 613–615 (*Adams*).) An appellant's opening brief must demonstrate prejudice and include citations to the record and nonconclusory arguments. (*WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894-895; *Adams, supra*, at p. 615.)

Bader's opening brief fails to identify evidence the jury "could not understand" absent her special instructions. She also fails to explain how the exclusion of her proposed instructions caused her to be prejudiced.

Bader addresses the prejudice argument for the first time in her reply brief. "New arguments may not be raised for the first time in an appellant's reply brief." (*High Sierra Rural Alliance v. County of Plumas* (2018) 29 Cal.App.5th 102, 111, fn. 2.) Bader has waived the argument and failed to demonstrate prejudice. (*Adams, supra*, 224 Cal.App.4th at p. 615.)

## III.

### BADER'S DEFENSES

Bader argues the trial court improperly granted Xuan's motions in limine to exclude some of her defenses. Bader does not cite any specific court ruling, nor does she explain what defenses she was unable to raise as a result of the court's ruling. Bader admits "the trial record remains incomplete as to this aspect." As we often observe, "if it is not in the record,

4

[for appellate purposes,] it did not happen." (*Protect Our Water v. County of Merced* (2003) 110 Cal.App.4th 362, 364.) The claim is forfeited. (*Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 738.)

## IV.

### BADER'S TESTIMONY

Next, Bader argues the trial court "took over the questioning" of her "in the tone of hostile witness interrogation, denigrating the defense, interrupting [her] presentation, and preventing [her] from introducing all of her exhibits . . . along with the pertinent testimony." Again, Bader fails to cite the record to support her claim, nor does she support the argument with citations to legal authority. Thus, this claim is also forfeited. (*In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 1004.)

## V.

### THE PREJUDGMENT CLAIM

Bader asserts the court erred in striking her cotenant's prejudgment claim of right to possession. She does not have standing to assert her cotenant's rights; we therefore cannot consider this claim. (*Sabi v. Sterling* (2010) 183 Cal.App.4th 916, 947.)

## VI.

### THE COURT REPORTER

Bader claims the trial court erred when it did not provide her with a court reporter. The law entitles Bader to a reporter if she obtained a fee waiver and requested the court provide her with a reporter. (*Jameson, supra*, 5 Cal.5th at p. 625.) Bader did request and obtain a fee waiver. However, nothing in our record confirms Bader requested a court reporter, or that the court denied her request. The burden is on Bader to demonstrate

the trial court committed error.  (*Id.* at p. 609.)  Bader has not carried that burden.

## VII.

### THE DEMURRER

Finally, Bader contends the trial court should have sustained her demurrer because Xuan failed to plead facts which demonstrated the required real estate licensure.  Bader does not cite any authority which supports her position.  The trial court correctly overruled the demurrer.

### DISPOSITION

The judgment is affirmed.  Xuan shall recover his costs incurred on appeal.


GOETHALS, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


DELANEY, J.