[No. G019401. Fourth Dist., Div. Three. May 10, 1996.]

JOSEPH MALDONADO, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
JO CORRIGAN, Real Party in Interest.

**COUNSEL**

Jerry T. Morgan for Petitioner.

No appearance for Respondent.

Sedgwick, Detert, Moran & Arnold and Alan B. Unterman for Real Party in Interest.

**OPINION**

**SONENSHINE, J.—**

I

Joseph Maldonado filed the underlying action against Jo Corrigan, alleging he had sustained injuries to his lower back and neck as the driver of the first car in a four-car pileup. Corrigan, the only defendant in this action, was the driver of the third car. Driver four fled the scene; driver two had come to a full stop before the third car hit it, pushing it into Maldonado's car.

The matter proceeded to arbitration where Maldonado was awarded special damages of $7,628 and general damages of $16,000. The arbitrator found Corrigan 25 percent responsible for Maldonado's damages; 75 percent liability was assessed against driver number four.

Maldonado requested a trial de novo, but before the case was set for trial, the court conducted a Code of Civil Procedure section 396[1] hearing. As a result, the matter was transferred to municipal court. It is from that order Maldonado seeks relief.

Maldonado petitioned for a peremptory writ of mandate. We invited responses from the court and the real party in interest. We received preliminary opposition from Corrigan, but none from the court. ■ Issuance of an alternative writ would not assist our resolution of this matter because the facts are undisputed and there has been clear error under well-settled principles of law. While a peremptory writ in the first instance is the exception, under those circumstances that procedure is warranted here. (*Alexander* v. *Superior Court* (1993) 5 Cal.4th 1218 [23 Cal.Rptr.2d 397, 859 P.2d 96]; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171 [203 Cal.Rptr. 626, 681 P.2d 893].)

II

Prior to *Walker* v. *Superior Court* (1991) 53 Cal.3d 257, 261 [279 Cal.Rptr. 576, 807 P.2d 418], there was a split in the Courts of Appeal concerning when a superior court could order a section 396 transfer. One line of cases (e.g., *Davis* v. *Superior Court* (1972) 25 Cal.App.3d 596, 599-601 [102 Cal.Rptr. 238]) held such order was precluded if ". . . the amount prayed for in the complaint meets the superior court jurisdictional requirement, and the prayer is neither fraudulent nor fictitious on its face." (*Walker* v. *Superior Court, supra,* 53 Cal.3d at p. 261.) The more permissive line of cases allowed the transfer when the court, after a hearing, concluded a judgment in excess of $25,000 was unlikely or not reasonably probable. (*Williams* v. *Superior Court* (1989) 216 Cal.App.3d 378, 381 [264 Cal.Rptr. 677] and *Campbell* v. *Superior Court* (1989) 213 Cal.App.3d 147 [261 Cal.Rptr. 509].)

The *Walker* court rejected both alternatives. It found the former construction too narrow, as well as inconsistent with the courts' inherent power to

---

[1]Code of Civil Procedure section 396 provides in pertinent part: "If an action or proceeding is commenced in a court which lacks jurisdiction of the subject matter thereof, as determined by the complaint or petition, if there is a court of this state which has such jurisdiction, the action or proceeding shall not be dismissed (except as provided in Section 399, and subdivision 1 of Section 581) but shall, on the application of either party, or on the court's own motion, be transferred to a court having jurisdiction of the subject matter which may be agreed upon by the parties, or, if they do not agree, to a court having such jurisdiction which is designated by law as a proper court for the trial or determination thereof, and it shall thereupon be entered and prosecuted in the court to which it is transferred as if it had been commenced therein, all prior proceedings being saved."

All further statutory references are to the Code of Civil Procedure.

consider jurisdictional qualifications of pending matters. (*Walker* v. *Superior Court, supra*, 53 Cal.3d at p. 268.) The court concluded the second interpretation was too broad and "would pose serious [state and federal constitutional] questions . . . ." (*Id.* at p. 268.) ■ The court delineated its own standard, holding, a matter may be transferred "when (i) the absence of jurisdiction is apparent before trial from the complaint, petition, or related documents, *or* (ii) during the course of pretrial litigation, *it becomes clear that the matter will 'necessarily' result in a verdict below the superior court jurisdictional amount*, and the court affords the parties an opportunity to contest transfer." (*Walker* v. *Superior Court, supra*, 53 Cal.3d at p. 262, second italics added.)[2]

No opinion since *Walker* has interpreted what the Supreme Court intended by the phrase "will 'necessarily' result." (*Walker* v. *Superior Court, supra*, 53 Cal.3d at p. 262.) However, the justices themselves defined their intent. In deciding whether a matter should be transferred pursuant to section 396, a trial court must look beyond the pleadings but not so far as to trespass into the province of the trier of fact. As the Supreme Court explained, " 'Pain and suffering are not subject to precise measurement by any scale, and their translation into money damages is peculiarly the function of the trier of the facts.' [Citation.] [¶] . . . *Section 396 does not permit a trial judge to determine the merits of a claim*, . . . [because to do so would] run[] the risk of depriving a plaintiff of the right to a jury trial in the forum of choice." (53 Cal.3d at pp. 269-270, italics added.)

*Walker* noted, there *must be "a high level of certainty that [the] damage award will not exceed $25,000 . . . ."* (*Walker* v. *Superior Court, supra*, 53 Cal.3d at p. 269, italics added.) Stated another way, the inquiry is "*whether damages over $25,000 'could be proven'* . . . [*or*] *whether such damages 'could not be obtained'* . . . . Even more appropriately, . . . *the test [is] . . . whether 'lack of jurisdiction is clear' . . . '[or] virtually unattainable.' "* (*Ibid.*, italics added, citations omitted.)

Analogizing to federal standards, the *Walker* court observed, " 'The [trial] court may believe it highly unlikely that plaintiff will recover the amount demanded, but this is not enough to defeat jurisdiction, unless it *appears to a legal certainty that plaintiff cannot recover the amount [of the] deman[d].' "* (*Walker* v. *Superior Court, supra*, 53 Cal.3d at p. 270, italics added.)

---

[2]In *Kent* v. *Superior Court* (1992) 2 Cal.App.4th 1392, 1394 [4 Cal.Rptr.2d 21], we held "[a] trial court may not, sua sponte, without notice and without a hearing and without a record, transfer a case to municipal court." Such is not the case here. Rather in this proceeding, we consider whether the trial court erred in finding, based on the pretrial record, that it was clear Corrigan's liability will necessarily be less than $25,000.

"[C]aution is called for in this context" (*id.* at pp. 270-271) and "the transfer power [should not be used] as 'an unfettered means of clearing crowded . . . calendars . . . .' " (*Id.* at p. 271.)

■ With those principles in mind, we now consider whether this trial court erred in concluding a verdict will necessarily fall short of the jurisdictional requirement. The short answer is yes. Maldonado suffered neck and back injuries and complained of headaches. His medical bills totaled over $7,000 and the doctors' reports described disc herniation and protrusion. One doctor opined there was a good chance he "will eventually become a candidate for surgical intervention . . . ." On this record, one cannot say it is clear the verdict will necessarily fall below $25,000.

Corrigan points to several factors, arguing there was no abuse of discretion. True, Maldonado's property damage was minor and he is not seeking future loss of earnings. He suffered similar prior injuries and the arbitration award was well below $25,000. Corrigan misses the point.

Maldonado may well not prevail on the factual disputes regarding the extent of his injuries or Corrigan's responsibility for the resulting damage. But a section 396 hearing is not to be perceived as a minitrial or an opportunity for a trial judge to put forth a well-educated guess of a verdict. The *unlikeliness* of a judgment in excess of $25,000 is *not the test*. The trial court reviews the record to determine whether the result is obtainable. Simply stated, the trial court looks to the possibility of a jurisdictionally appropriate verdict, not to its probability.

Let a peremptory writ of mandate issue directing respondent court to vacate its order of transfer.

Wallin, Acting P. J., and Rylaarsdam, J., concurred.