[No. B125982. Second Dist., Div. Four. Mar. 29, 1999.]

ELLYN SINGER, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
ROBERT WILSON, as Cotrustee, etc., et al., Real Parties in Interest.

## COUNSEL

Russell F. Maginnis for Petitioner.

No appearance for Respondent.

Bragg, Short, Serota & Kuluva and John E. Bower, Jr., for Real Parties in Interest.

## OPINION

## VOGEL (C. S.) P. J.—

### INTRODUCTION

This mandate proceeding challenges the superior court's order transferring a lawsuit to the municipal court. We find the contested order was an abuse of discretion and therefore grant the requested relief. We have certified this opinion for publication because with increasing frequency the trial courts seem overly inclined to use transfer orders as a calendar management device. By publishing this opinion, we reiterate the precedent established in *Walker v. Superior Court* (1991) 53 Cal.3d 257 [279 Cal.Rptr. 576, 807 P.2d 418]. In ruling upon a request to transfer a civil action to the municipal court, the superior court is not permitted to try the merits of the action. Instead, the superior court is limited to determining whether the action will *necessarily* result in a verdict below its jurisdictional amount. The determination that it is merely unlikely or not reasonably probable that an award will meet the superior court's jurisdictional requirement is an insufficient basis upon which to transfer a case to the municipal court.

### FACTUAL AND PROCEDURAL BACKGROUND

This is a personal injury and wrongful discharge action. The operative pleading, the first amended complaint, alleges the following facts.

Plaintiff Ellyn Singer, a registered and licensed nurse, "was engaged in providing nursing care" to Lillian Disney at Disney's home. Disney's dog Sunny bit plaintiff twice: first in May 1996 and then again in August 1996. The bites caused physical injury as well as emotional distress, an emotional distress exacerbated by defendants' failure to respond to plaintiff's inquiry as to whether Sunny had been inoculated against infectious rabies. After plaintiff complained about the dog, Disney fired her, causing plaintiff to suffer lost earnings of $45,000.

Plaintiff's original complaint, filed in April 1997, named as defendants Lillian Disney and Does 1 to 100.

Disney's answer raised six defenses, including the assertion that "plaintiff was an employee, special or otherwise, of defendant, . . . performing service growing out of and incidental to her employment, and . . . acting within the course and scope of her employment [thereby barring] plaintiff's complaint [because] [h]er exclusive remedy is that provided by Workers' Compensation . . . ."

On December 3, 1997, the superior court held a status conference, found the amount in controversy exceeded $50,000, and set the matter for a May 1998 pretrial conference and a June 1998 five-day jury trial.

Very shortly thereafter, defendant Lillian Disney died. Consequently, plaintiff was granted leave to file the first amended complaint which now named as defendants the estate of Lillian Disney and three trustees of the Lillian Disney Trust.[1]

The first amended complaint alleges strict liability causes of action based upon the two times Sunny bit plaintiff (Civ. Code, § 3342); a negligence cause of action based upon defendants' failure to protect plaintiff from Sunny despite their knowledge of the dog's violent propensities; an intentional infliction of emotional distress cause of action based upon defendants' failure to tell plaintiff whether Sunny had been vaccinated against rabies; and a wrongful discharge cause of action based upon the claim plaintiff was a "special employee" who was fired after requesting defendants to ameliorate an unsafe work condition: the presence of Sunny.

On its own motion, the court (but not the same court which earlier found the amount in controversy to exceed $50,000) issued an order to show cause why the matter should not be transferred to the municipal court.

In response to the court's order, plaintiff presented a copy of *verified* answers to defense interrogatories which she had provided one year earlier during discovery. Plaintiff's answers described the physical and emotional

---

[1]The three trustees are Robert Wilson, Shelley Thompson, and U. S. Trust. The complaint also alleges that Lillian Disney was a trustee of the Lillian Disney Trust and that she committed her tortious actions both in her individual capacity and her capacity as trustee.

During the pendency of this writ proceeding, Robert Wilson, as trustee, filed a demurrer to the first amended complaint and a motion to strike. The trial court has not yet ruled upon these motions. This writ proceeding does not involve any of the issues raised in those motions. We therefore decline to consider any of the points raised in that regard by any of the parties.

injuries caused by the bites. In addition, she supplied detailed information explaining her gross and net earnings at the time of the dog bites. At that time, her average monthly net income was $5,735. Since being fired, her average monthly income dropped to $3,242.92. The monthly difference between the two constitutes $2,292, resulting in a net loss of $26,859 *for just the first year since plaintiff's discharge.* In addition, plaintiff explained that she had been "unable to replace her job [with Disney] of home-care nursing involving two 12-hour shifts per week," resulting in a projected income loss of $2,158 per month.

Following a hearing, the court ordered the matter transferred to the municipal court.

Plaintiff promptly filed a petition in this court seeking to overturn the trial court's transfer order.

We issued a stay order and requested defendants to file preliminary opposition "directed to the issue of plaintiff's claim of lost earnings due to wrongful termination as a special employee. [Citations.]"

After receiving and reviewing the requested opposition, we issued an alternative writ "on the ground defendant's affirmative defense of a special employment relationship creates potential liability for wrongful termination damages and plaintiff made a prima facie showing of such damages exceeding $25,000."

An opposition to the writ has been filed by the estate of Lillian Disney to which plaintiff has lodged a reply.[2] In addition, oral argument has been presented. For the reasons set forth below, we grant the requested relief.

## DISCUSSION

 Code of Civil Procedure section 396 governs the transfer of a lawsuit from the superior court to the municipal court when the lawsuit fails to meet the superior court's jurisdictional requirement of an amount in controversy in excess of $25,000. In *Walker* v. *Superior Court, supra,* 53 Cal.3d 257, the California Supreme Court set forth the guidelines for considering such a transfer. Transfer is required if, during the course of pretrial

---

[2]Plaintiff's reply asks us to strike the two exhibits attached to the opposition (see fn. 1, *ante*) because they consist of pleadings which were not in front of the trial court at the time it made the contested ruling. The request is denied because "we simply disregard, as we must, the documents not presented to the trial court. [Citation.]" (*Los Angeles County Dept. of Children etc. Services* v. *Superior Court* (1998) 62 Cal.App.4th 1, 11-12, fn. 9 [72 Cal.Rptr.2d 369].)

litigation, "it becomes clear that the matter will 'necessarily' result in a verdict below the superior court jurisdictional amount." (*Id.* at p. 262.) The court explained: "This standard requires *a high level of certainty* that a damage award will not exceed $25,000 and is not satisfied by a finding that such an award is merely 'unlikely' or 'not reasonably probable.' " (*Id.* at p. 269, italics added.) Consequently, in deciding this issue, the trial court is *not* permitted to determine the merits of the plaintiff's claim(s); its sole inquiry is whether "the verdict will 'necessarily' fall short of the superior court jurisdictional requirement of a claim exceeding $25,000." (*Id.* at pp. 269-270.)

Appellate review of a transfer order is governed by the abuse of discretion standard. (*Walker* v. *Superior Court, supra,* 53 Cal.3d at p. 272.) Although that standard is deferential to the trial court's ruling, we note that in *Walker* the Supreme Court concluded that the superior court had abused its discretion in granting the transfer request. Citing with approval an earlier case from the Court of Appeal which had likewise found a transfer order to be an abuse of discretion (*Williams* v. *Superior Court* (1990) 219 Cal.App.3d 171 [268 Cal.Rptr. 61]), the Supreme Court essentially concluded that based upon the evidence submitted, only one inference could reasonably be drawn from the facts: to wit, that it could not be said that a damage award would necessarily be $25,000 or less. (*Walker, supra,* 53 Cal.3d at pp. 272-274.)

■ By a parity of reasoning, the trial court abused its discretion in transferring plaintiff's case to the municipal court. For one thing, plaintiff experienced pain and emotional suffering both as the result of the two dog bites and as a result of defendants' failure to advise whether Sunny had been inoculated against rabies. " 'Pain and suffering are not subject to precise measurement by any scale, and their translation into money damages is peculiarly the function of the trier of the facts.' [Citation.]" (*Walker* v. *Superior Court, supra,* 53 Cal.3d, at p. 269.) For another thing, plaintiff provided detailed information about loss of earnings in excess of $25,000. Lastly, defendants' assertion of the "affirmative defense" that plaintiff was a "special employee" covered by the workers' compensation system gives rise to plaintiff's wrongful discharge claim that she was fired in retaliation for objecting to an unsafe working environment. (See *City of Moorpark* v. *Superior Court* (1998) 18 Cal.4th 1143 [77 Cal.Rptr.2d 445, 959 P.2d 752].) Given all of these factors, a verdict exceeding $25,000 was not " 'virtually unattainable.' " (*Walker, supra,* 53 Cal.3d at p. 269.)

■ To paraphrase a recent Court of Appeal opinion which found a transfer order to be an abuse of discretion, "[plaintiff] may well not prevail on the factual disputes regarding the extent of [her economic loss or emotional distress] or [the individual defendant's] responsibility for the resulting

damage. But a section 396 hearing is not to be perceived as a minitrial or an opportunity for a trial judge to put forth a well-educated guess of a verdict. The *unlikeliness* of a judgment in excess of $25,000 is *not the test.* The trial court reviews the record to determine whether the result is obtainable. Simply stated, the trial court looks to the possibility of a jurisdictionally appropriate verdict, not to its probability." (*Maldonado* v. *Superior Court* (1996) 45 Cal.App.4th 397, 402 [52 Cal.Rptr.2d 805], italics in original.) This analysis disposes of the defense contentions which are nothing more than arguments that plaintiff's claim of damages lacks merit and would be rejected by the trier of fact.[3]

### DISPOSITION

The alternative writ, having served its purpose, is discharged. Let a writ of mandate issue compelling respondent superior court to vacate its September 23, 1998, transfer order. This court's October 2, 1998, order staying the transfer order is to remain in effect pending finality of this decision. Petitioner to recover costs in this proceeding.

Hastings, J., and Curry, J., concurred.

---

[3]For instance, the opposition to the writ urges that the superior court properly found "that the claim for loss of earnings was . . . an inflated claim" and that "the failure of [plaintiff] to work steadily during an entire year after the termination could not reasonably be ascribed either to the dog bite or to the termination . . . ."