Filed 11/8/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| DEDICATION AND EVERLASTING LOVE TO ANIMALS, INC., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> CITY OF EL MONTE, <br><br> Defendant and Respondent. | B318078 <br><br> Los Angeles County <br> Super. Ct. No. 21STLC05477 |

APPEAL from a judgment of the Superior Court of Los Angeles County, Upinder S. Kalra, Judge.  Transferred to the Appellate Division of the Superior Court.

Roxborough, Pomerance, Nye & Adreani, Drew E. Pomerance and Vincent S. Gannuscio for Plaintiff and Appellant.

Olivarez Madruga Law Organization, Terence J. Gallagher and Leslie Anne Burnet for Defendant and Respondent.

_____

## INTRODUCTION

Plaintiff and appellant Dedication and Everlasting Love to Animals, Inc. (DELTA) owns a vacant lot in defendant and respondent City of El Monte (City or El Monte). After receiving several citations for violating the municipal code, DELTA sought administrative review. The citations were upheld, and DELTA appealed to the superior court, which summarily affirmed the administrative opinion. DELTA then attempted to appeal to the appellate division of the superior court, but when its filing was rejected, it appealed to this court instead.[1] We conclude this matter is a limited civil case—and this court lacks jurisdiction over limited civil cases. We therefore transfer the matter to the appellate division of the Los Angeles Superior Court.

## BACKGROUND

### 1.    Citations and Administrative Hearing

On April 24, 2021, an El Monte neighborhood services officer issued a notice of violation of the El Monte Municipal Code based on accumulated trash and debris (El Monte Mun. Code, § 8.44.030, subd. (m)), overgrown weeds (*id.*, subd. (k)(3)), a dilapidated "fence, gate, or block wall" (*id.*, subd. (h)), and graffiti (*id.*, subd. (g)) at 3007 Durfee Avenue, which is a vacant lot. DELTA was given until May 8, 2021 to correct the violations.

---

[1]    DELTA attached a copy of the notice of rejection to its opening brief as Appendix B. We deem this a request for judicial notice and, having received no objection to our consideration of that document, we grant the request. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

On May 8, 2021, the officer re-inspected the property and, finding the violations uncorrected, issued administrative citation No. CE-17195-1. The initial amount owed was $422. DELTA was notified that the property would be inspected again the following week. The property was inspected again on May 22, May 29, and June 18, 2021, and additional citations were issued, increasing the total amount due to $7,288.

On May 26, 2021, DELTA filed an application for an administrative hearing for the original citation. DELTA argued that the conditions on its property stemmed from the City's failure "to control [an] intractable homeless problem causing trespassing onto the property. The City has been asked to alleviate said problems but has not done so. Efforts by owner to clean and repair property have been rendered ineffective due to repeated intrusions."

The hearing was held on June 29, 2021. The hearing officer upheld the citations but reduced the total fine by $1,000. The hearing officer notified DELTA that its decision could be appealed to the superior court in accordance with Government Code[2] section 53069.4, subdivision (b), and El Monte Municipal Code section 1.18.90, subdivision (c).

## 2. Appeal to the Superior Court

On July 26, 2021, DELTA filed a notice of appeal to the superior court. (§ 53069.4, subd. (b).) The case was designated as a limited civil case.

---

[2] All undesignated statutory references are to the Government Code.

3

After a hearing on the matter was repeatedly set and rescheduled, on September 24, 2021, the court issued a minute order summarily affirming the administrative ruling.

On October 8, 2021, DELTA filed a petition for rehearing, but it does not appear that the court ruled on the petition.

DELTA then attempted to file a notice of appeal to the appellate division of the superior court on October 22, 2021. But the appellate division rejected the filing, explaining: "The appellate division does not have jurisdiction over appeals regarding administrative hearings. Please see local Rule, 2.7." Finally, DELTA filed a notice of appeal in this court.[3]

## DISCUSSION

DELTA contends the administrative findings are not supported by substantial evidence, and the trial court violated its due process rights by affirming the administrative opinion without providing notice or an opportunity to be heard. We do not reach those issues, however, because we conclude this is a limited civil case over which we lack jurisdiction.

1.      **The Administrative Process for Municipal Code Violations**

"Section 53069.4 authorizes local governments to enact an administrative process to enforce violations of any ordinance through the imposition and collection of administrative fines or penalties. [Citation.] The law was intended 'to provide a faster

---

[3]      Because we conclude DELTA's notice of appeal to the appellate division of the superior court was improperly rejected, we do not address El Monte's argument that the notice of appeal to this court was untimely.

4

and more cost-effective enforcement mechanism than a criminal prosecution for the violation of a local ordinance.' " (*County of Humboldt v. Appellate Division of Superior Court* (2020) 46 Cal.App.5th 298, 305.)  The statute provides:  "The legislative body of a local agency . . . may by ordinance make any violation of any ordinance enacted by the local agency subject to an administrative fine or penalty.  The local agency shall set forth by ordinance the administrative procedures that shall govern the imposition, enforcement, collection, and administrative review by the local agency of those administrative fines or penalties." (§ 53069.4, subd. (a)(1).)

The statute also creates an avenue to appeal administrative decisions.  "Section 53069.4, subdivision (b)(1) creates an exception to the general rule that a petition for administrative mandamus, pursuant to Code of Civil Procedure section 1094.5, is 'the exclusive remedy for judicial review of the quasi[-]adjudicatory administrative action of local level agencies.' [Citation.]" (*Wang v. City of Sacramento Police Dept.* (2021) 68 Cal.App.5th 372, 378 (*Wang*).)  In particular, it provides:

"Notwithstanding Section 1094.5 or 1094.6 of the Code of Civil Procedure, within 20 days after service of the final administrative order or decision of the local agency is made pursuant to an ordinance enacted in accordance with this section regarding the imposition, enforcement, or collection of the administrative fines or penalties, a person contesting that final administrative order or decision may seek review by filing an appeal to be heard by the superior court, where the same shall be heard de novo, except that the contents of the local agency's file in the case shall be received in evidence.  *A proceeding under this*

*subdivision is a limited civil case*." (§ 53069.4, subd. (b)(1), italics added.)

Taken together, these provisions allow local governments to issue citations for code violations as long as they provide administrative procedures for cited individuals to challenge the citations. The cited individual may then appeal the administrative decision to the superior court where, if the amount in controversy is $25,000 or less, it will be treated as a limited civil case. (*Wang*, *supra*, 68 Cal.App.5th at pp. 378–381.)

El Monte adopted this procedure in sections 1.18.080 and 1.18.090 of its municipal code: section 1.18.080 lays out the administrative appeal process, and section 1.18.090 establishes a mechanism to appeal administrative decisions. Section 1.18.090 provides in part: "Decisions of the Hearing Officer are, in accordance with Government Code Section 53069.4(b), appealable to the superior court within twenty (20) days after the date of their service. Each decision shall contain a statement advising the appellant(s) of this appeal right and the procedures and court filing fee for its exercise." (El Monte Mun. Code, § 1.18.090, subd. (c), enacted by Ord. No. 2865, § 2, 9-15-2015 and Ord. No. 2938, § 7, 11-20-2018.)

Here, DELTA timely appealed the hearing officer's decision to the superior court, where the matter was designated a limited civil case.

## 2. Jurisdictional Classification

"The classification of civil cases as limited or unlimited has its roots in the historic division between municipal and superior courts. [Citation.] Historically, lower civil courts were divided into municipal courts, which had subject matter jurisdiction over cases where the amount in controversy was $25,000 or less, and

6

superior courts, which had subject matter jurisdiction over cases involving more than $25,000.  [Citation.]  'A case filed in the superior court whose amount in controversy did not meet the jurisdictional minimum was subject to "transfer" of jurisdiction under [Code of Civil Procedure] section 396 from superior court to the municipal court.'  [Citation.]

"In 1998, an amendment to the California Constitution 'unif[ied]' the two separate systems 'into a single superior court system having original jurisdiction over all matters formerly designated as superior court and municipal court actions.'  [Citation.]  'After unification, the municipal courts ceased to exist.  [Citation.]  Now civil cases formerly within the jurisdiction of municipal courts are classified as "limited" civil cases, while matters formerly within the jurisdiction of the superior court[ ] are classified as "unlimited" civil action[s].  ([Code Civ. Proc.,] §§ 85, 88.)'  [Citation.]  The classification of a civil case as limited or unlimited no longer affects the subject matter jurisdiction of the superior court.  [Citation.]"  (*Stratton v. Beck* (2017) 9 Cal.App.5th 483, 491–492.)

To qualify as a limited civil case, the matter must meet several conditions:  First, the amount in controversy must be $25,000 or less.  (Code Civ. Proc., § 85, subd. (a) [" 'amount in controversy' means the amount of the demand, or the recovery sought, or the value of the property, or the amount of the lien, that is in controversy in the action, exclusive of attorneys' fees, interest, and costs"]; see also *id.*, § 86.)  Second, the plaintiff must seek relief of a type that can be granted in limited civil cases.  (*Id.*, § 85, subd. (b).)  And third, "[t]he relief sought . . . [must be] exclusively of a type described in one or more statutes that

7

classify an action or special proceeding as a limited civil case," including section 52069.4.  (Code Civ. Proc., § 85, subd. (c)(14).)

A limited civil case must also be explicitly classified as such.  (Code Civ. Proc., § 422.30, subd. (b) ["In a limited civil case, the caption shall state that the case is a limited civil case, and the clerk shall classify the case accordingly."]; Cal. Rules of Court,[4] rule 2.111(10) ["In the caption of every pleading and every other paper filed in a limited civil case, the words 'Limited Civil Case' " shall appear on the first page].)  Thus, "[w]hether an action qualifies as a limited or unlimited civil action is determined initially from the prayer or demand for relief in the plaintiff's complaint.  Once classified as limited or unlimited, that classification normally continues throughout the litigation." (*Ytuarte v. Superior Court* (2005) 129 Cal.App.4th 266, 274 (*Ytuarte*).)

The classification of a case as limited triggers various procedural provisions designed to streamline litigation and make the cases more economical.  (See Code Civ. Proc., §§ 91–99.)  In addition to the $25,000 upper limit on monetary recovery, limited civil cases are subject to restrictions on the types of injunctive and declaratory relief available, as well as the breadth of discovery.  (*Ytuarte*, *supra*, 129 Cal.App.4th at p. 275; see Code Civ. Proc., §§ 86, 91–94.)

And, as relevant here, appeals in limited civil cases are heard by the appellate division of the superior court rather than the court of appeal and are subject to shorter filing deadlines than appeals in unlimited civil cases.  (Cal. Const., art. VI, §§ 4,

---

[4]     All undesignated rule references are to the California Rules of Court.

11, subd. (b); Code Civ. Proc., §§ 904.1, 904.2; rules 8.104(a)(1), 8.822(a).) A notice of appeal in a limited civil case must be filed on or before the earliest of: (1) 30 days after the clerk mails notice of entry of judgment or a file-stamped copy of the judgment to the appealing party; (2) 30 days after the appealing party serves or is served with a notice of entry of judgment or a file-stamped copy of the judgment; or (3) 90 days after entry of judgment. (Rule 8.222(a).) In an unlimited case, these periods are 60 days, 60 days, and 180 days, respectively. (Rule 8.104(a).)

The case before us was an appeal from an administrative hearing under section 52069.4; it had an amount in controversy of less than $25,000; and it was designated a limited civil matter from the outset. Accordingly, it is a limited civil case.

DELTA timely appealed that decision to the correct court. The superior court's notice of decision was issued on September 24, 2021, and served the same day. DELTA attempted to file a notice of appeal to the appellate division of the superior court on October 22, 2021, before the 30-day deadline. But the appellate division rejected the filing, explaining: "The appellate division does not have jurisdiction over appeals regarding administrative hearings. Please see local Rule, 2.7."[5] This was error.

In California, the right to appeal is statutory. (*Superior Wheeler Cake Corp. v. Superior Court* (1928) 203 Cal. 384, 385; accord, *Powers v. City of Richmond* (1995) 10 Cal.4th 85, 108.)

---

[5] Local rule 2.7 provides that the appellate division of the Los Angeles County Superior Court has jurisdiction over any "Appeal from judgment or order in misdemeanor, infraction, and limited civil case (except small claims case), from anywhere in the county."

The appellate division of the superior court has jurisdiction over appeals in limited civil cases.  (Code Civ. Proc., §§ 904.2 ["An appeal of a ruling by a superior court judge or other judicial officer in a limited civil case is to the appellate division of the superior court."], 77, subd. (e).)  This is a limited civil case.  As such, the appellate division has jurisdiction over this matter.  We do not.  (*Id.*, § 904.1, subd. (a) ["An appeal, other than in a limited civil case, is to the court of appeal"].)[6]

3.      **This appeal is transferred to the appellate division.**

Section 68915 provides: "No appeal taken to the Supreme Court or to a court of appeal shall be dismissed for the reason only that the same was not taken to the proper court, but the cause shall be transferred to the proper court upon such terms as to costs or otherwise as may be just, and shall be proceeded with therein, as if regularly appealed thereto."  (§ 68915.)  "While this section does not specifically state a Court of Appeal may transfer an appeal to the appellate division of the superior court, . . . our inherent authority coupled with this statutory directive empowers us to order transfer."  (*People v. Nickerson* (2005) 128 Cal.App.4th 33, 40.)  Therefore, we transfer this appeal to the appellate division of the Los Angeles Superior Court.  (See, e.g., *Martin v. Riverside County Dept. of Code Enforcement* (2008) 166 Cal.App.4th 1406, 1408 [because the Court of Appeal "did not have jurisdiction to hear the appeal of a limited civil case," the

---

[6]      Even if the local rules did purport to exclude limited administrative appeals from the appellate division's jurisdiction—which the local rules in Los Angeles do not—such a provision would fall to basic principles of supremacy.

10

court "transferred the case to the appellate division of the superior court"].)

## DISPOSITION

The matter is transferred to the appellate division of the Los Angeles County Superior Court.  (§ 68915.)  Each party shall bear its own costs on appeal.

**CERTIFIED FOR PUBLICATION**


HARUTUNIAN, J.*

We Concur:


STRATTON, P. J.


GRIMES, J.

---

\*     Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11